IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALBERT J. SMITH, | § | |
| | § | No. 284, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0312008370 |
| Appellee. | § | |

Submitted: June 10, 2014
Decided: June 27, 2014

Before **STRINE,** Chief Justice, **BERGER** and **RIDGELY,** Justices.

**O R D E R**

This 27th day of June 2014, it appears to the Court that:

(1)    On May 29, 2014, the Court received Albert J. Smith's notice of appeal from the Superior Court's order dated April 23, 2014 and docketed April 24, 2014 summarily dismissing his third motion for postconviction relief. Under Supreme Court Rule 6(a)(iii), Smith's notice of appeal should have been filed on or before May 26, 2014.[1]

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal from a proceeding for postconviction relief must be filed within thirty days after entry upon the docket of the judgment or order).

(2) On May 30, 2014, the Clerk issued a notice under Supreme Court Rule 29(b) directing Smith to show cause why the appeal should not be dismissed as untimely filed.[2] In response to the notice, Smith asserts that the appeal should be accepted as timely filed on May 29, 2014, because he did not receive the Superior Court's order of April 23, 2014 until April 30, 2014, "which is less than the 30 day time period."

(3) Under Delaware law, "[t]ime is a jurisdictional requirement."[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[4] An untimely appeal cannot be considered unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[5]

(4) In this case, contrary to Smith's assertions, the notice of appeal was *not* received by the Clerk within thirty days after entry upon the docket of the April 23, 2014 order. Moreover, there is nothing to reflect that Smith's failure to timely file the notice of appeal is attributable in any way to court personnel. Consequently, this case does not fall within the

---

[2] *See* Del. Supr. Ct. R. 29(b) (governing involuntary dismissal upon notice of the Court).

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989), cert. denied, 493 U.S. 829 (1989).

[4] Del. Supr. Ct. R. 10(a).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 6 and 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

3